UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| TRAVIS MORGAN KELLY,  ) | |
| ) | |
| Plaintiff,   ) | Civil No. 6:22-cv-00111-GFVT |
| ) | |
| v.   ) | **MEMORANDUM OPINION** |
| ) | **&** |
| LAUREL COUNTY DET. CENTER,   ) | **ORDER** |
| ) | |
| Defendant.   ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Travis Kelly is a resident of Williamsburg, Kentucky. Kelly has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1] The Court has granted his motion to proceed *in forma pauperis* by separate Order. The Court must review the complaint prior to service of process, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

In March and April 2022, Kelly filed a series of civil rights complaints in this Court, all containing the same or similar allegations arising out of the same basic set of events. Kelly's allegations suggested that in 2010 and 2012 he attempted to have several persons arrested. As a result of those efforts, Kelly states that in 2013 several people "followed" or "stalked" him from Kentucky to California, where he was kidnapped and forced to kill two other people who were "waiting to kill me on a rooftop." Kelly indicated that the Kentucky Correctional Psychiatric Center has records relevant to his allegations. He also stated that he has brain damage "for sonic weapons/voice to skull" and that he has been "tortured by an EMF/directed energy weapon since age 29 – I'm 41 now." Each of those complaints was dismissed upon initial review. *See Kelly v.*

*Hubbard*, No. 6: 22-70-REW (E.D. Ky. 2022) (dismissing complaint for failure to plead sufficient facts to satisfy Fed. R. Civ. P. 8(a) and for lack of subject matter jurisdiction pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)); *Kelly v. Collins*, No. 6: 22-71-DLB (E.D. Ky. 2022) (dismissing complaint for failure to satisfy Civil Rule 8(a); failure to state a claim pursuant to Rule 12(b)(6); as barred by the statute of limitations; and for lack of subject matter jurisdiction pursuant to *Apple*); *Kelly v. Secret Service*, No. 6: 22-88-REW (E.D. Ky. 2022) (dismissing complaint for failure to satisfy Civil Rule 8(a) and for lack of subject matter jurisdiction pursuant to *Apple*).

In his current complaint Kelly names the Laurel County Detention Center ("LCDC") as the sole defendant. [R. 1 at 1] Kelly alleges that

- in December 2013 a police officer repeatedly struck Kelly in the face after he was handcuffed, and threatened to file baseless criminal charges against him;

- LCDC refused to take pictures of Kelly's injuries and did not provide medical care;

- in 2019, a police officer arrested Kelly without cause, and the officer stole money and tobacco from him;

- LCDC did not provide treatment of an unspecified nature;

- Kelly has been diagnosed "with schizophrenia, bipolar 1, 2, anxiety, depression, and schizoaffective disorder";

- following an arrest in December 2017, several female guards and nurses "took sexual advantage" of Kelly and moved him to a number of different cells where inmates attacked him;

- just before Kelly was released, an officer told him that a friend of his would kill him;

- in December 2017, a woman tried to poison him with an injection; and

- after Kelly's vehicle was hit by a drunk driver, he accepted a lower insurance settlement after police indicated they would "cover it up" because the other driver was a confidential informant.

2

For relief, Kelly seeks damages, criminal charges against the persons described in the complaint, and the expungement of some of his prior criminal convictions. [R. 1 at 4-7, 9, 11-12]

The Court will dismiss Kelly's complaint with prejudice for several reasons. First, while Kelly describes the actions of several individuals in his complaint, he makes no factual allegations against LCDC, the only named defendant. Apart from pleading deficiencies, a county jail or detention center is not a legal entity which may be sued. *Marbry v. Corr. Med. Serv.*, 238 F.3d 422, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (*citing Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)) (holding that the Shelby County Jail is not subject to suit under § 1983). The Court will construe Kelly's claim against LCDC as one against Laurel County, the entity which operates the jail. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). But Kelly does not allege that the conduct about which he complains was the product of a county policy or custom, and therefore fails to state a claim for relief. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The complaint therefore fails to state a claim against LCDC or Laurel County. *Watson v. Gill*, 40 F. App'x 88, 90 (6th Cir. 2002).

In any event, the events described in the complaint spanned a 7-year period from 2013 to 2020. But the statute of limitation applicable to Kelly's claims is just one year. *See Bonner v. Perry*, 564 F.3d 424, 431 (6th Cir. 2009) (noting application of one-year limitations period under Ky. Rev. Stat. § 413.140(1)(a) to civil rights claims arising in Kentucky). A claim arising from even the most recent of these events is therefore time-barred, and must be dismissed. *Norman v. Granson*, No. 18-4232, 2020 WL 3240900, at *2 (6th Cir. Mar. 25, 2020) ("Where a statute of limitations defect is obvious from the face of the complaint, sua sponte dismissal is

appropriate.") (*citing Haskell v. Washington Township*, 864 F. 2d 1266, 1273 (6th Cir. 1988). The Court will therefore dismiss the complaint with prejudice.

      Accordingly, it is **ORDERED** as follows:

    1.      The Court **DISMISSES** with prejudice Travis Kelly's Complaint [R. 1]; and

    2.      This matter is **STRICKEN** from the active docket.

This the 7th day of June, 2022.

Gregory F. Van Tatenhove
United States District Judge